UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANDRES VARGAS, | No. 2:18-cv-1375-KJM-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| LEAH YOUNG; DOES 1 to 10, | |
| Defendants. | |

On May 23, 2018, pro se defendant Leah Young removed this unlawful detainer action from San Joaquin County Superior Court. ECF No. 1. Having reviewed defendant's notice of removal and plaintiff's complaint, the court finds it does not have subject matter jurisdiction and sua sponte REMANDS this action to state court.

Defendant's notice of removal alleges the court has federal question jurisdiction "because Defendant's answer, a pleading depend [*sic*] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 ¶ 10. Inspection of the complaint indicates no such basis exists.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To invoke federal question jurisdiction, a complaint must

1

establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (citation omitted). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, plaintiff alleges an unlawful detainer claim, which sounds clearly and exclusively in state law. ECF No. 1 at 6; *see PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) ("Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.") (collecting cases). Further, defendant's answer cannot serve as the basis for federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint is not based on federal law, the court does not have federal question jurisdiction over this action.

Defendant has not adequately established a basis for the court's subject matter jurisdiction and the court must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (A federal court has an independent duty to assess whether federal subject matter jurisdiction exists). Based on the above, the court sua sponte REMANDS the action to the Superior Court of the State of California for San Joaquin County and denies as MOOT defendant's motion to proceed in forma pauperis.

IT IS SO ORDERED.

DATED: May 30, 2018.

_____
UNITED STATES DISTRICT JUDGE

2